UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
──────────────────────────────────────X

ANN BURTON,
          Plaintiff,

    - against -

CIVIL COURT OF THE CITY OF NEW YORK,

          Defendant.
──────────────────────────────────────X

MEMORANDUM
AND ORDER
21-CV-6828 (LDH)(LB)

BRIAN M. COGAN, United States District Judge:

On December 7, 2021, plaintiff Ann Burton ("Burton"), proceeding *pro se,* filed this action against the Civil Court of the City of New York regarding her application under New York law for a name change. Plaintiff's request to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915 is granted, but for the reasons set forth below, the action is dismissed for lack of subject matter jurisdiction.

## BACKGROUND

The following facts are taken from plaintiff's one-page complaint. Plaintiff alleges that the defendant municipal court denied her request for a name change to Faizah X because of "houselessness, not law." She further alleges that a prior name-change request was denied but that the Court failed to maintain a record of her application. *Id.* She asks this Court to "move Defendant to comply with constitutional rights and basic legal practices, and not discriminate against Muslim I.D.'s."

**Plaintiff's Litigation History**

Plaintiff is no stranger to this Court. In 2010-2011, she filed thirteen actions against her former employers, her union, an employment agency, and individuals associated with these defendants. *Burton v. Shinseki*, No. 10-cv-5318; *Burton v. American Federation of Government Employees et al.*, No. 11-cv-1416; *Burton v. Silvercrest Center for Nursing and Rehabilitation et*

*al.*, No. 11-cv-1417; *Burton v. White Glove Placement, Inc. et al.*, No. 11-cv-1649; *Burton v. Shinseki et al.*, No. 11-cv-2030; *Burton v. Silvercrest Center for Nursing and Rehabilitation et al.*, No. 11-cv-2757; *Burton v. New York Police Department et al.,* No. 11-cv-4071; *Burton v. White Glove Placement, Inc. et al.,* No. 11-cv-4072; *Burton v. United Stated Equal Employment Opportunity Commission et al.,* No. 11-cv-4074*; Burton v. State Education Dept. et al.,* No. 11-cv-4218*; Burton v. N.Y.S. Department of Labor et al.,* No. 11-cv-4274*; Burton v. City of New York et al.,* No. 11-cv-5345*; Burton v. Civil Court of the City of New York et al.,* No. 11-cv-5606. Although the actions principally alleged employment discrimination, they also alleged that various individuals have entered her apartment, removed, and then returned, documents and other items, hacked her computer, and otherwise harassed her, allegedly in retaliation for previous complaints she had filed. And recently, she has filed three other actions: an action filed against the Office of Personnel Management, a federal agency, concerning the accounting and distribution of her pension account, *Burton v. Office of Personnel Mgmt.*, 21-cv-5323 (LDH) (filed Sept. 22, 2021); an action against the United States and hundreds of federal and state elected officials, *Burton v. USA*, 21-cv-6238 (LDH) (filed Nov. 1, 2021); and, on the same day as the instant action, a complaint against another federal agency, the Social Security Administration, regarding a records request, *Burton v. Social Security Administration,* 21-cv-6727 (LDH) (filed Dec. 7, 2021).

## STANDARD OF REVIEW

A complaint must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S.544, 570 (2007). A claim is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Matson v. Bd. of Educ.*, 631 F.3d 57, 63 (2d Cir. 2011) (quoting *Ashcroft v. Iqbal*, 556 U.S.662, 678 (2009)). Although all allegations contained in

the complaint are assumed to be true, this tenet is "inapplicable to legal conclusions." *Iqbal*, 556 U.S. at 678. In reviewing a *pro se* complaint, the Court must be mindful that a plaintiff's pleadings should be held "to less stringent standards than normal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)); *see Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009) (noting that even after *Twombly*, the Court "remain[s]obligated to construe a pro se complaint liberally").

Nevertheless, the Court is required to dismiss *sua sponte* an *in forma pauperis* action if the Court determines it "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii)seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B); *see also Abbas v. Dixon*, 480 F.3d 636, 639 (2d Cir. 2007). In addition, if the Court "determines at any time that it lacks subject-matter jurisdiction, the Court must dismiss the action." Fed. R. Civ. P. 12(h)(3); *see also Cortlandt St. Recovery Corp. v. Hellas Telecomms.,S.À.R.L.*, 90 F.3d 411, 416–17 (2d Cir. 2015) (A district court may dismiss an action for lack of subject matter jurisdiction pursuant to Rule 12(b)(1) when the court "lacks he statutory or constitutional power to adjudicate it . . . ." (quoting *Makarova v. United States*, 201 F.3d 110, 113(2d Cir. 2000)).

## DISCUSSION

Federal courts are courts of limited jurisdiction and may not preside over cases absent subject matter jurisdiction. *Exxon Mobil Corp. v. Allanattah Servs., Inc.*, 545 U.S. 546, 552 (2005); *Frontera Res. Azerbaijan Com, v. State Oil Co. of Azerbaijan Republic*, 582 F.3d 393, 397 (2d Cir. 2009). The requirement of subject matter jurisdiction cannot be waived, *United States v. Cotton*, 535 U.S. 625, 630 (2002), and its absence may be raised at any time by a party or by the court *sua sponte, Henderson ex rel. Henderson v. Shinseki*, 562 U.S. 428, 434 (2011) ("[F]ederal courts have an independent obligation to ensure that they do not exceed the scope of

their jurisdiction, and therefore they must raise and decide jurisdictional questions that the parties either overlook or elect not to press."). When a court lacks subject matter jurisdiction, dismissal is mandatory. *Arbaugh v. Y & H Corp.*, 546 U.S. 500, 514 (2006); *see also* Fed. R. Civ. P. 12(h)(3). Federal jurisdiction is available only when a "federal question" is presented, 28 U.S.C. § 1331, or when the plaintiff and defendant are of diverse citizenship and the amount in controversy exceeds $75,000.00. 28 U.S.C. § 1332.

The Court may not exercise subject matter jurisdiction over the complaint. Plaintiff brings this action pursuant to the Court's federal question jurisdiction, objecting to the state court's denial of her name change application. Plaintiff's potential claims regarding her name change application submitted to the Civil Court of the City of New York would arise under state law,[1] not federal law. Put another way, the complaint raises issues that are within the subject matter of the state courts, not this one.

---

[1] *In re Daniels*, 2 Misc. 3d 413, 414, 773 N.Y.S.2d 220, 221 (N.Y. C. Civ. Ct. 2003) (quotations and citations omitted), the Civil Court of the City of New York, New York County, spelled out the process by which an individual procures a name change in the state of New York:

> Under the common law, a person can simply assume any name, absent fraud or an interference with the rights of others. Article 6 of the [New York] Civil Rights Law provides a formal procedure for changing a name, which provides the advantages of being speedy, definite and a matter of record. Article 6 allows both adults and infants to petition to change their names, the latter generally through a parent or guardian (Civ. R.L. § 60). Pursuant to section 61, the petition must include the name, date of birth, place of birth, age and residence of the individual whose name is proposed to be changed and the name which he or she proposes to assume. It must also specify whether the individual has been convicted of a crime or adjudicated a bankrupt, and whether there are any judgments or liens of record or actions or proceedings in which the petitioner is a party. In addition, the application must have attached a birth certificate or equivalent if the individual was born in the state of New York. Where the court is satisfied that the petitioner's application is true and that there is no "reasonable objection to the change of name proposed," the court will issue an order authorizing the petitioner to assume the proposed name, and direct that notice of the change be published (Civ. R.L. § 63).

4

Moreover, to the extent plaintiff's complaint invites district court review and rejection of the state-court decision, this action also falls under the *Rooker–Feldman* doctrine. Federal courts lack jurisdiction over "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review of those judgments." *Hoblock v. Albany Cnty. Bd. of Elections*, 422 F.3d 77, 84 (2d Cir. 2005) (quoting *Exxon Mobil Corp. v. Saudi Basic Indus.*, 544 U.S. 280, 284 (2005)). Here, plaintiff's claims are directly related to the determinations made by the state court regarding her name change application; this action is thus barred by the *Rooker-Feldman* doctrine. *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 482 (1983); *Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 416 (1923); *see Torres v. City of N.Y.*, No. 09-CV-1894 (KAM), 2009 WL 1346396, at *2 (E.D.N.Y. May 13, 2009) (district court lacks jurisdiction to vacate "the orders of the state courts regarding [plaintiff's] upcoming eviction from her home").

Furthermore, to the extent that the complaint can be liberally read to assert a claim that her application was denied on the basis of her religion, her challenge to the constitutionality of the state court proceeding is similarly barred by *Rooker-Feldman. See Garvin v. Bank of New York*, No. 05-CV-2760 (NGG), 2005 WL 1377953, at *2 (E.D.N.Y. June 9, 2005) (merely because plaintiff alleged a violation of her constitutional rights did not change the fact that the district court lacked jurisdiction under *Rooker-Feldman*).

Accordingly, the complaint does not provide a basis for this Court's federal question jurisdiction.[2]

Ordinarily the Court would allow plaintiff an opportunity to amend her pleading, *Cruz v. Gomez,* 202 F.3d 593, 597-98 (2d Cir. 2000), but such an opportunity is not warranted here, as it

---

[2] The Court has considered whether it has diversity jurisdiction, 28 U.S.C. § 1332, and finds that it does not. Even assuming the diversity of the parties, the amount in controversy clearly does not exceed the jurisdictional amount of $75,000.00.

is clear from the face of the complaint that any such amendment would be futile and would not invoke the Court's subject matter jurisdiction.

## CONCLUSION

Accordingly, the instant *pro se* complaint is dismissed without prejudice for lack of subject matter jurisdiction pursuant to Federal Rule of Civil Procedure 12(h)(3). Any state law claims are dismissed without prejudice.

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal would not be taken in good faith and therefore *in forma pauperis* status is denied for the purpose of any appeal. *Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

The Clerk of Court is respectfully requested to send a copy of this order to plaintiff by mail, and to note the mailing on the docket.

SO ORDERED.

Digitally signed by
Brian M. Cogan

BRIAN M. COGAN
United States District Judge

Dated: Brooklyn, New York
 April 12, 2022